**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| ICONNECT | § § | |
| Defendant. | § § § | |
| | § | |

## COMPLAINT

Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this Complaint against iConnect ("Defendant" or "iConnect") for infringement of United States Patent No. 9,053,498 (hereinafter "the '498 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 3131 McKinney Ave., Suite 600 Dallas, TX 75204.

4.      On information and belief, Defendant is a company having a principal address of 8000 E Maplewood Ave. # 122, Greenwood Village, Colorado 80111.

5.      On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendants has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,053,498)

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.      Plaintiff is the owner by assignment of the '498 Patent with sole rights to enforce the '044 Patent and sue infringers.

11.      A copy of the '498 Patent, titled "System and Method for Network Operation," is attached hereto as Exhibit A.

12.      The '498 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.      Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '498 Patent by making, using, importing, selling, and/or offering for sale a point of sale system ("System") covered by one or more claims

of the '498 Patent. Defendant has infringed and continues to infringe the '498 Patent in violation

of 35 U.S.C. § 271.

14.     Defendant sells, offers to sell, and/or uses the System, known as iConnect POS,

and any similar products, which infringe at least Claim 1 of the '498 Patent.

15.     On information and belief the System indicates the existence of a link to

information pertaining to an article of commerce.  For example, the System provides an

indication of a link (e.g., obtained by enabling Online Switcher) to information for articles of

commerce, such as, for example, whether items can be sold through iConnect POS.

16.     A mobile device (e.g., an iPad or other tablet device) running iConnect POS has

a portable handheld housing (e.g., the housing of the tablet and/or the housing of a scanner

associated with the tablet) and a communication interface (e.g., communication interface of the

mobile device) which enable the device to communicate with a communication network such as

the Internet.  On information and belief, the System integrates with hardware including scanners

and mobile computing platforms (e.g., tablet devices).

17.     On information and belief a device running iConnect POS has a signal processing

device (e.g., processor of the mobile device) and a visual input device (e.g., a hand scanner such

as a Socket Mobile handheld scanner and/or a built-in camera on a mobile device).  If the visual

input device is the hand scanner, it is affixed within the housing of the hand-held scanner.  If the

visual input device is a built-in camera, it is affixed within the housing the mobile device having

the built-in camera.

18.     The mobile device has an associated local database (e.g., internal memory of the

mobile device) which is configured to store data for use by the mobile device.  For example, on

information and belief, the device running iConnect POS has local memory storing product

information which enables adding items to a transaction in an offline mode.

19.     On information and belief, the System also includes a server in communication with the mobile device.  The System is Internet-based and allows connectivity to multiple clients.  Users can perform retail operations remotely including product scanning and lookup.  Because the System is Internet-based, it necessarily includes a server.  On information and belief the server includes a database that stores a look-up table (e.g., product list) that includes a plurality of identification codes associated with articles of commerce (e.g., items sold through iConnect POS).  An example of these elements within the System is illustrated below:



20.     On information and belief, the System also includes information link indicators (such as, for example, links obtained by enabling Online Switcher) indicating the availability of items online, when the System is functioning in an E-commerce mode.  Each link indicator is associated with a respective identification code (e.g., product code) and article of commerce

(e.g., item sold through the System).  Each link indicator is configured as a status signal indicating whether or not a link exists to information about the product in an online environment enabled by the System (e.g., whether the product is available for sale through iConnect POS). Certain elements are shown by the illustration below:



21.     The visual input device captures an image of an article of commerce and decodes the image to obtain an identification code (e.g., scan code).  On information and belief, the processor of the device running iConnect POS is configured to look up the identification code in the local look-up table to determine from a respective link indicator whether or not a link exists for accessing information about the product online.  On information and belief, in offline mode, the device running iConnect POS can determine whether or not the link exists without accessing the communication network.

22.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

23.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

24.     Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,367,044 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 4, 2016                  Respectfully submitted,

*/s/ Jay Johnson*

**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A